# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| JULIA ANN RATLIFF, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:09CV00020 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| MICHAEL J. ASTRUE, ) | By: James P. Jones |
| COMMISSIONER OF ) | Chief United States District Judge |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

*Judy B. Shortridge, Shortridge and Shortridge, P.C., Abingdon, Virginia, for Plaintiff; Victor J. Pane, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I affirm the final decision of the Commissioner.

I

Plaintiff Julia A. Ratliff filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying her claims for supplemental security income ("SSI") pursuant to title XVI of the Social Security Act ("Act"), 42 U.S.C.A. § 1381–1383d (West 2003 & Supp. 2009). Jurisdiction of this court exists pursuant to 42 U.S.C.A. §§ 405(g) (West 2003 & Supp. 2009) and 1383(c)(3).

Ratliff filed for SSI benefits on January 26, 2006, alleging disability beginning January 1, 1998.[1] Ratliff claimed disability due to degenerative disc disease of the lumbar spine, depression, anxiety, and obesity. Her claim was denied initially and upon reconsideration. Ratliff received a video hearing before an administrative law judge ("ALJ"), during which Ratliff, represented by counsel, and a vocational expert ("VE") testified. The ALJ denied Ratliff's claim for SSI benefits.

Ratliff's request for a review of the ALJ's decision was denied by the Social Security Administration's Appeals Council ("Appeals Council"). Thus, the ALJ's opinion constitutes the final decision of the Commissioner. Ratliff then filed her Complaint with this court, objecting to the final decision of the Commissioner.

The parties have filed cross motions for summary judgment and have briefed the issues. The case is ripe for decision.

II

Ratliff was twenty-five years old when she filed her disability application, a younger individual under the regulations. *See* 20 C.F.R. § 416.963(c) (2009). She

---

[1] Ratliff previously applied for SSI in September 2001. Ratliff's claim was denied at all levels of administrative and judicial review. *Ratliff v. Barnhart*, 580 F. Supp. 2d 504 (W.D. Va. 2006), *aff'd per curiam*, 234 F. App'x 148 (4th Cir. 2007) (unpublished), *cert. denied*, 552 U.S. 1193 (2008).

completed high school, but has no past relevant work experience. She claims disability based on back problems, anxiety, depression, and obesity.

The medical evidence reflects that Ratliff is obese with a "small" herniated disc at L5-S1 and a "slight" annular bulge at L4-5. (R. at 362.) A physician's examination and X ray showed that Ratliff has spondylolysis at L5 with grade 1 spondylolysis at L5 and S1, which is the likely cause of her back pain. In October 2006, Ratliff was cleared for gastric reduction surgery, which she had not undergone at the time of her hearing. Ratliff takes medication for anxiety, but she has not sought mental health counseling. Psychological evaluations show that Ratliff functions at a borderline, or slightly-above borderline, intellectual ability.

In light of the evidence, the ALJ determined that Ratliff could perform a limited range of light and sedentary work along with unskilled labor that did not involve interactions with the public. The ALJ concluded that Ratliff was not disabled as defined in the Act.

III

The plaintiff bears the burden of proving that she is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that her "physical or mental impairment or impairments are

of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 423(d)(2)(A) (West 2003 & Supp. 2009).

In assessing SSI claims the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to her past relevant work; and (5) if not, whether she could perform other work present in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2009). If it is determined at any point in the five-step analysis that the claimant is not disabled, the inquiry immediately ceases. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functional capacity ("RFC"), which is then compared with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy.

My review is limited to a determination of whether there is substantial evidence to support the Commissioner's final decision and whether the correct legal standard was applied. 42 U.S.C.A. § 405(g); *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th

Cir. 1987). In accordance with the Act, I must uphold the Commissioner's findings if substantial evidence supports them and the findings were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This standard "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence. It is not the role of this court to substitute its judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

The ALJ concluded that Ratliff had not worked during the period of alleged disability and that she had severe impairments, but that these conditions did not meet the severity of a listed impairment. *See* 20 C.F.R. pt. 404, subpt. P, app. 1 (2009). The ALJ found that Ratliff was not disabled because she could perform less than the full range of light work or unskilled work that did not involve public interaction.

Ratliff contends that the ALJ's decision was not supported by substantial evidence. Specifically, Ratliff argues that the ALJ failed to consider the effects of her obesity upon her back problems and that the ALJ erred by failing to ask the VE

whether his testimony was consistent with the Dictionary of Occupational Titles ("DOT"). I disagree.

The ALJ properly considered Ratliff's impairments singly and in combination in determining whether the plaintiff was disabled. *See* 20 C.F.R. §§ 404.1523, 416.923 (2009). The ALJ reviewed the medical evidence relating to Ratliff's obesity, degenerative disc disease, and depression. In reaching his final assessment the ALJ noted these impairments imposed significant work-related limitations. Although the ALJ found that Ratliff suffered from severe impairments he concluded these conditions did not constitute a disabling impairment. I find that the record is replete with medical evidence supporting this decision.

The record supports the ALJ's conclusion that Ratliff does not suffer from a back impairment that meets or equals the impairments listed at 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04(A). Ratliff does not suffer from any of the numerous conditions described in § 1.04(A). She has a normal gait and does not suffer from reflex or sensory loss. Evidence shows that Ratliff's obesity and back problems mildly restrict her mobility and cause her discomfort. But these impairments do not prevent Ratliff from walking, performing simple chores, driving, or shopping. Further, physicians who examined Ratliff stated that she was obese and suffered from

genuine back pain, but none of these doctors opined that Ratliff suffered from disabling obesity or back problems.

The ALJ's conclusion as to Ratliff's RFC demonstrates that he considered the work-related limitations resulting from Ratliff's obesity and her back ailments. The ALJ found that Ratliff could perform a limited range of light and sedentary work and he determined that these work-related limitations were appropriate because of Ratliff's decreased mobility and pain.

Thus, substantial evidence exists to support the conclusion that Ratliff's back problems are not a disabling impairment and the record demonstrates that the ALJ considered Ratliff's obesity when evaluating her back disorders.

Ratliff also asserts that the ALJ violated SSR 00-4p, a Social Security Administration policy interpretation ruling, by failing to inquire about inconsistencies between the VE's testimony and the DOT.

SSR 00-4p requires an ALJ inquire about any "apparent unresolved conflict, between" evidence offered by the VE and the DOT. SSR 00-4p, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000). The regulation also states that the ALJ has a duty to develop the record and "will inquire, on the record, as to whether or not there is such a consistency." *Id.* Ratliff asserts that this means the ALJ has an affirmative duty to ask about any conflicts between the VE's testimony and the DOT.

The ALJ did not inquire whether the VE's testimony conflicted with the DOT, but this did not prejudice Ratliff. The hearing transcript indicates that neither Ratliff's counsel nor the ALJ recognized an apparent conflict between the VE's testimony and the DOT. And, the ALJ's decision states that no conflict exists. Even if one assumes that the ALJ has an affirmative duty to inquire about any inconsistencies under SSR 00-4p, the ALJ's failure to do so in this case is a harmless error.

The Third Circuit considered a similar scenario in *Rutherford v. Barnhart* when an ALJ failed to inquire about inconsistencies between the VE's testimony and the DOT. 399 F.3d 546, 556 (3d Cir. 2005). The Third Circuit held that the ALJ's failure to question the VE about these inconsistencies, by itself, did not warrant an automatic remand. *Id*. at 556-58. Instead, the court considered the VE's entire testimony before determining whether substantial evidence existed for the ALJ's conclusion. *Id*. at 558.

Ratliff argues that the VE's testimony creates a conflict because the VE relied upon census codes when discussing occupations. This fact is irrelevant. The Commissioner and the VE are not required to rely upon DOT classifications. 20 C.F.R. § 404.1566(d)–(e) (2009). And, the regulations permit the ALJ to take

administrative notice of job information from a variety of sources, including census codes. *Id.* § 404.1566(d).

Ratliff also argues that an apparent conflict exists because the VE supplied a non-existent DOT number for a job, and the VE used the wrong DOT number for a specific job title. Although the VE erred, these mistakes were insignificant. When the VE testified about DOT classifications, he had already provided several examples of occupations that existed nationally and in the southeast, which individuals could perform with the limitations described by the ALJ in hypothetical scenarios. The VE's testimony shows he considered the limitations imposed by degenerative disc disease, obesity, and anxiety and he evaluated how these ailments could impact one's ability to work. Thus, the alleged inconsistencies, like the mistakes in *Rutherford*, were minor and do not require remand.

IV

For the foregoing reasons, the plaintiff's Motion for Summary Judgment will be denied, and the Commissioner's Motion for Summary Judgment will be granted. An appropriate final judgment will be entered affirming the Commissioner's final decision denying benefits.

DATED: December 21, 2009

 /s/ JAMES P. JONES
Chief United States District Judge